Anthony E. Goldsmith, Esq. (SBN. 125621)
LAW OFFICES OF ANTHONY E. GOLDSMITH
20501 Ventura Blvd., Suite 272
Woodland Hills, CA 91364
Phone: (213) 471-2096
Fax:   (213) 596-8906
Attorneys for Plaintiff
TIMOTHY CLEVELAND

Paul L. Rein, Esq. (SBN. 43053)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Phone: (510) 832-5001
Fax: (510) 832-4787
Co-counsel for Plaintiff
TIMOTHY CLEVELAND

Jeffrey D. Bey, Defendant in Pro Per                JS 6
5750 Hollywood Boulevard
Los Angeles, CA 90028
Phone: (323) 465-0115
Fax: (323) 465-1075

Jeffrey D. Bey, as authorized officer
for HOLLYWOOD BILLIARDS, INC. and J.D.B., INC.
5750 Hollywood Boulevard
Los Angeles, CA 90028
Phone: (323) 465-0115
Fax: (323) 465-1075

Teresa Loh, also known as Teresa L. Bey, Defendant in Pro Per
5750 Hollywood Boulevard
Los Angeles, CA 90028

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND, an individual, | CASE NO. CV10-1989 DSF (CWx) |
| Plaintiff, | Judge: Hon. Judge Dale S. Fischer |
| v. | **CONSENT DECREE AND ORDER** |
| HOLLYWOOD BILLIARDS, a business entity of unknown form; HOLLYWOOD BILLIARDS, INC., a California corporation; J.D.B., INC. a California corporation; JEFFREY DEAN BEY, an individual; TERESA LOH, also known as TERESA L. BEY, an individual, and DOES 3-5 and 7-10, inclusive, | TRIAL DATE: None set |
| Defendants. | |

# CONSENT DECREE AND ORDER

1. Plaintiff TIMOTHY CLEVELAND filed this action on March 18, 2010, in the United States District Court: (i) to obtain injunctive relief and (ii) to recover damages for allegedly discriminatory experiences, denial of access, and denial of her civil rights against Defendants. The action was amended through the filing of a First Amended Complaint on June 10, 2010, which was personally served on Defendants HOLLYWOOD BILLIARDS, a business entity of unknown form ("Hollywood Billiards"), HOLLYWOOD BILLIARDS, INC. ("HBI"), J.D.B., INC., JEFFREY DEAN BEY and TERESA LOH, (also known as TERESA L. BEY) hereinafter collectively referred to as ("Defendants") each, individually or collectively, own and/or operate a restaurant, bar and entertainment venue known as Hollywood Billiards and located at 5750 Hollywood Blvd. in the City and County of Los Angeles, California (for purposes of this Consent Decree and Order, the above described real property and all buildings and fixtures thereon shall be collectively referred to herein as the "Property" or the "Facility"). Pursuant to the stipulation of the parties and the Order of this Court as entered on August 23, 2010, the Defendants are required to respond to the operative Complaint no later than September 20, 2010.

2. Defendants and Plaintiff wish to settle the case in its entirety and therefore desire to enter into this Consent Decree and Order. The parties hereby enter into this Consent Decree and Order for the purpose of resolving the lawsuit without the need for protracted litigation.

## JURISDICTION:

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., and pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of Title 24 California Code of Regulations; California Health & Safety Code §19955 et seq., California Civil Code §51 and

California Civil Code §§54 and 54.1. Each of the parties hereto hereby agrees to the jurisdiction of the Court.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the operative Complaint filed with this Court. Accordingly, the parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

5. WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF CLAIMS AS TO INJUNCTIVE RELIEF:**

6. The parties agree and stipulate that the corrective work to be performed hereunder shall be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 (the "CBC") and Americans with Disabilities Act Accessibility Guidelines (28 CFR Part 36, Appendix A), unless other standards are specifically and mutually agreed to in this Consent Decree and Order.

7. Remedial Measures: The corrective work agreed upon by the parties is embodied attached hereto as **Exhibit "A"**. Defendants agree to undertake all of the remedial work set forth therein.

8. Timing of Injunctive Relief: All of the work set forth and described in **Exhibit "A"** shall be completed on or before January 1, 2011. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the time frames specified, Defendants or their counsel will notify Plaintiff's counsel in writing within five (5) days of discovering the difficulties or reasons for delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a work status report on or before December 1, 2010.

9. If Plaintiff contends any or some portion of the corrective construction work to be completed under Consent Decree has not been carried out pursuant to the remedial measures as specified in Exhibit "A", Plaintiff will provide written notice to Defendants via their counsel detailing in what respects Plaintiff contends the Property is not compliant. Within fourteen (14) calendar days of receiving this notice, Defendants will respond to this notice. If the parties are not able to agree upon a course of action, they will hold a meet and confer within thirty (30) calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally. If the parties are still not able to agree, they will submit the matter to the judge then assigned to the case.

**DAMAGES, ATTORNEYS FEES AND COSTS:**

10. The parties have reached an agreement regarding Plaintiff's monetary claims, under which Defendant shall pay to Plaintiff a total of Thirty Two Thousand Dollars ($32,000); with Seven Thousand Dollars ($7,000) being allocated for Plaintiff's alleged personal physical injuries, alleged violations of his civil rights, physical and emotional distress, and statutory damages and the remaining balance of Twenty Five Thousand Dollars ($25,000) being allocated and paid for Plaintiff's alleged attorneys' fees, litigation expenses, and costs. Such payment shall be made to Plaintiff's counsel, within three (3) business days following the entry of this Consent Decree and Order by the Court. The payment shall be made by way of check made payable to "The Law Offices of Anthony E. Goldsmith in Trust for Timothy Cleveland." Payment of this settlement amount shall resolve any and all monetary claims of any kind asserted, or which could have been asserted, by Plaintiff in connection with the lawsuit or the current condition or accessibility of the Property.

**DISMISSAL OF THE ACTION**

11. Within three (3) business days of Plaintiff's counsel receipt of the settlement payment described in paragraph 10, Plaintiff's counsel shall execute, and send to Defendants via email or overnight mail, a Stipulation for Dismissal of the action, which stipulation shall be subject to this Consent Decree. Once executed by Defendants, Plaintiff's counsel shall promptly file the Stipulation for Dismissal with the Court.

**ENTIRE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order and **Exhibit "A"** to this Consent Decree, which is incorporated herein by reference as if fully set forth herein, constitutes the entire agreement between the signing parties on all matters addressed herein and supersedes all prior agreements, written or oral. No other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein or otherwise.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

13. This Consent Decree and Order shall be binding on Plaintiff Timothy Cleveland and Defendants and any of Defendants' successors in interest, heirs and assigns, or any of them, and each of their respective successors in interest, heirs and assigns or any of them; including, without limitation, any pending or future potential purchaser of the Hollywood Billiards business. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order and each party hereby represents and warrants that they shall promptly inform each of their successors and assigns in a timely manner, including any person or entity acquiring an interest in the Property or the business operated thereat of the terms of

this Consent Decree and the fact that it shall be binding upon said successors and assigns.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

14. Except for the obligations required in this Consent Decree, the parties to this Consent Decree, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all successors, assigns, trustees, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, and each of them, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the instant action and/or the incidents alleged therein and/or the current physical condition and/or accessibility of the Property, whether or not addressed in the instant action. Notwithstanding anything else set forth herein to the contrary, neither the release set forth herein nor any other provision hereof (or any provision or term of any other agreement or document) shall be deemed to release any party, person or entity from or waive any future claim or cause of action which Plaintiff may have for: (i) any breach of the obligations set forth herein; (ii) any *future* acts, omissions, alterations or construction at or in connection with the Property or (iii) any claims or rights with respect to any property, building or facility *other* than the Property; regardless of whether or not it is owned or operated by one of the persons or parties released hereby.

15. Each of the parties hereto understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the current condition and/or accessibility of the Property which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations

required in this Consent Decree, the parties intend that this Consent Decree apply to all such further claims or actions related to the *current condition* or accessibility of the Property that is the subject of the instant lawsuit; except those conditions caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the current condition of the Property and any or all improvements thereon, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**TERM OF THE CONSENT DECREE AND ORDER:**

16. This Consent Decree and Order shall be in full force and effect for a period of (10) months after the date of entry of this Consent Decree and Order, or until the injunctive relief and all other terms (including payments of moneys due) contemplated by this Order are completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for ten (10) months after the date of this Consent Decree, or until the relief and obligations contemplated by this Order are complete, whichever occurs later.

**SEVERABILITY:**

17. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nevertheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

18. Signatories on the behalf of the parties to this action represent that they are authorized to bind the parties via this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: September ___, 2010

_____
TIMOTHY CLEVELAND, Plaintiff

Dated: September ___, 2010

_____
JEFFREY DEAN BEY, Defendant

Dated: September ___, 2010

_____
JEFFREY DEAN BEY, for Hollywood Billiards, Inc. and J.B.D., Inc.

Dated: September ___, 2010

_____
TERESA LOH, also known as
TERESA L. BEY, Defendant

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

**[SIGNATURES CONTINUED ON NEXT PAGE]**

**APPROVED TO AS TO FORM AND CONTENT:**

Dated: September ___, 2010

_____
ANTHONY E. GOLDSMITH
Attorney for Plaintiff
Timothy Cleveland

**IT IS SO ORDERED.**

Dated: September <u>22</u>, 2010

*[signature: Dale S. Fischer]*

_____
HON. DALE S. FISCHER
United States District Court Judge